UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Charles Stewart,<br><br>    Plaintiff,<br><br>    v.<br><br>FCA US LLC, et al.,<br><br>    Defendants. | No. 2:20-cv-02230-KJM-CKD<br><br>ORDER |

    This court recently imposed monetary sanctions after counsel did not comply with an order to file a joint pretrial statement. ECF No. 26. In the same order, the court directed the parties to show cause why an additional monetary sanction should not be imposed. *Id.* Defense counsel responded to the second order shortly after the deadline for a response, and they paid the monetary sanction imposed in the first order. Defense counsel explained their previous nonresponse as inadvertence, and they ascribed the parties' silence to a focus on settlement discussions. *See generally* Shepardson Decl., ECF No. 28. Plaintiff's counsel has not responded to either order and has not paid the monetary sanction, but the parties have filed a notice of settlement and a stipulation of dismissal. ECF No. 27.

    An attorney's failure to comply with an order to file a joint pretrial statement may seem, to him, a harmless fault, especially if he is negotiating with his opposing counsel and expects those negotiations to make a trial unnecessary. But trial courts must set schedules and plan for

1

trials well in advance. The administrative tasks that arise when a party does not comply with a court order are, alone, rarely time-consuming. Added together, however, across the hundreds of cases assigned to each of the judges in this district, even minor tasks become burdensome. Think of the administrative staff, nurses, doctors, and others who work in busy emergency departments. If their patients leave after initially reporting serious and urgent conditions, then those staff members, nurses, and doctors may spend time looking for the departed patients when they could instead have given their time to another patient. Attorneys and their clients serve one another, the court, and other litigants when they take court orders seriously. A sanction is not an expression of a judge's indignation at a party's failure to respond or comply; it is an essential part of a system stretched thin—one that functions only if attorneys comply with court orders and inform the court of new developments. If a trial is likely to become unnecessary, an attorney can and should say so. He should not assume the court will read between the lines and set his case to the side.

The court therefore orders as follows:

- The order to show cause at ECF No. 26 is **discharged in part as to defense counsel**. Defense counsel should have submitted timely responses and reports and should have alerted the court to the parties' settlement discussions, and the court expects they will in the future.

- Plaintiff's counsel is directed to pay the total outstanding $750 monetary sanction to the Clerk of Court **within fourteen days**. Failure to comply with this order may result in additional sanctions, including additional monetary sanctions and an order suspending admission to practice in this District. *See* E.D. Cal. L.R. 180(e) ("No attorney admitted to practice before this Court shall engage in any conduct that . . . interferes with the administration of justice.").

IT IS SO ORDERED.

DATED: July 10, 2023.

CHIEF UNITED STATES DISTRICT JUDGE